FORM TO FOR MOTIONS UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Nuriddin Al-Amin Rashid ORIGINAL
_____
_____
_____

(Enter above the full name of the
plaintiff or plaintiffs in this action)

v.

Eugene T. Poss, jr., Darryl Bentley, Claude Stevens, jr., Mary Booker, Edwin L. Bentley sued in their individual and official Capacities

(Enter above the full name of the
defendant or defendants in this action)

CV CV100-104

Jury Trial Demanded

I. Previous Lawsuits

  A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

  Yes _____   No ✓

  B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

  1. Parties to this previous lawsuit.

  Plaintiffs: N/A

  Defendants: N/A

  2. Court (If federal court, name the district; if state court, name the county):
  N/A

  3. Docket number: N/A

  4. Name of judge to whom case was assigned: N/A

  5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Approximate date of filing lawsuit: **N/A**

7. Approximate date of disposition: **N/A**

II. Place of Present Confinement: **Jimmy Autry State Prison, Pelham Ga.**

A. Is there a prisoner grievance procedure in this institution?
Yes **✓**       No ____

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure:
Yes ____       No **✓**

C. If your answer is yes:
1. What steps did you take? **N/A**

2. What was the result? **N/A**

D. If your answer is no, explain why not: **State prison system has no jurisdiction over County Officials in this action.**

III. Parties:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff: **Nuriddin A. Rashid**
Address: **P.O. Box 648 Pelham, Ga. 31779**

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions and places of employment of any additional defendants.)

B. Defendant **Eugene T. Poss, jr.** is employed as **Deputy Sherriff** at **Lincoln County Sherriff Dept.**

C. Additional Defendants: **Darryl Bentley, Claude Stevens, jr., Mary Booker, Edwin L. Bentley all employed by the Lincoln County Sheriff's Dept.**

IV. Statement of Claim:

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary.)

See Attached:

V.  Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

See Attached.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on this 8th day of May, 2000.

X. Nuruddin A. Rashid
(Signature or plaintiff or plaintiffs)

Preliminary Statement

This is a civil rights action filed by Nuriddin A. Rashid, a state prisoner, for damages and declatory relief under 42 USC §1983. Alleging excessive use of force and denial of immediate medical care in violation of the Fourth and Fourteenth amendments to the United States Constitution and for malicious prosecution in violation of the "equal protection of law" clause of the Thirteenth amendment to the Constitution of the United States. The plaintiff also alleges the torts of assault and battery, and negligence.

Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 USC §§1331(a) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §1367.

Parties

3. The plaintiff Nuriddin A. Rashid was arrested and

taken to the Lincoln County jail during the events described in this complaint.

4. Defendants Eugene T. Ross, jr., Darryl Bentley, Claude Stevens, jr. are sheriff's deputies employed in Lincoln County. They are sued in their individual and official capacities.

5. Defendant Mary Booker is the Chief Jailer and is generally responsible for ensuring the provisions of medical care prisoners and specifically for scheduling medical appointments outside the jail when a prisoner needs specialized treatment or evaluations. She is sued in her individual and official capacities.

6. Defendant Edwin L. Bentley is the Sheriff in Lincoln County and is in charge of the supervision and discipline of all deputies on staff in Lincoln County. He is responsible for reviewing all administrative disciplinary charges filed by citizens, arrestees, detainess and or prisoners. He is sued in his individual and official capacities.

7. All the defendants have acted, and continue to act under color of state law at all times relevent to this complaint.

Facts

8. On May 16, 1998 at or about 10:00 pm, defendants Poss, D. Bentley and Sterens arrived at the residence of the plaintiff in response to a domestic 911 call.

Missuse of Force

9. Upon their arrival defendants Poss and D. Bentley began to spray the plaintiff with pepper spray, then they beat him with their asp batons.

10. Defendants D. Bentley and Sterens then watched as defendant Poss strike plaintiff repeatedly then handcuff him and place his foot or knee on the plaintiff's neck and bend his arms backward to inflict more pain as he stated, "I will kill your black ass soon enough."

11. Defendant Poss engaged or threatened excessive force against plaintiff on a prior occaision.

12. Defendant E. Bentley has been placed on notice before of the abusive conduct of defendants Poss and Stevens by a number of complaints and grievances, but has failed to take disciplinary action against them.

Denial of Medical Care

13. After the described assault defendants took the plaintiff to the Lincoln County jail and placed him in an isolation cell.

14. Three (3) hours later plaintiff was finally taken Wills Memorial Hospital.

15. After arriving at hospital the plaintiff requested that staff call G.B.I. office and to photograph injuries.

16. Defendants D. Bentley and Stevens ordered plaintiff to shut up or he would not receive treatment services.

17. For several months afterward and to this day plaintiff continously complain of headaches and blurred vision, The plaintiff now where glasses for correcting his vision.

Denial of Equal Protection of Law.

18. Plaintiff's complaints about defendant's conduct has gone unresolved.

19. Deputies went un-reprimanded for their acts of assault.

20. In addition Defendants Poss & D. Bentley filed assault charges against plaintiff and over a period of (13) thirteen months in confinement, (13) thirteen other charges were maliciously filed against plaintiff to induce a guilty plea.

21. Plaintiff was continously harrassed by staff and assaulted again by defendants Stevens and D. Bentley on 6-3-99.

Claims for Relief

22. The actions of defendants Poss, D. Bentley and Stevens in using excessive force against plaintiff or failing to intervene to prevent the missuse of force, were done maliciously and sadistically and constituted unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

23. The actions of Defendants Poss, D. Bentley and Stevens in using excessive force against plaintiff constituted the tort of assault, aggravated and/or battery under the law of the State of Georgia.

24. The failure of defendant E. Bentley to take disciplinary or other action to curb the known pattern of physical abuse of citizens, arrestees and or detainees/prisoners by defendants Poss and Stevens constituted deliberate indifference and contributed to and proxiamately caused the above described violation of Fourth amendment rights and assault.

25. The actions of Defendant E. Bentley in failure to respond to the complaint by plaintiff, despite his knowledge of the above described due process violation, constitute deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

26. The failure of defendant Booker to provide a follow up examination of the plaintiff's head injury, pyschological and vision evaluations, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Fourteenth Amendment to the U.S. Constitution.

27. The failure of defendant Booker to provide a follow up examination of the plaintiff's head injury, pyschological and vision evaluations, constitute the tort of negligence under the law of Georgia.

Relief Requested

28. Wherefore plaintiff requests that the Court grant the following relief.

A. Issue a declatory judgment stating that:

1. The physical abuse of the plaintiff by defendants Poss, D. Bentley and Stevens violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and constituted assault under state law.

2. Defendant E. Bentley's failure to take action to curb the physical abuse of prisoners violated the plaintiff's rights under the Fourth and Fourteenth amendments to the U.S. Constitution and constituted an assault under State law.

3. Defendant E. Bentley's actions in not conducting an investigation into the complaint of the plaintiff violated the Plaintiff's rights under the Due Process Clause of the Fourteenth amend to the U.S. Constitution.

4. Defendant M. Booker action in failing to provide adequate medical care for the plaintiff violated and continue to violate the plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

5. The malicious compilation of charges against the Plaintiff by the sheriff's dept. violated the rights of equal protection of law under the Thirteenth Amendment of the U.S. Constitution.

B. Award compensatory damages.

1. Jointly and severally against Defendants Foss, D. Bentley, Stevens and E. Bentley for the physical and emotional injuries sustained as a result of the plaintiff's beating in the amount of 100,000 dollars.

2. 10,000 dollars jointly and severally E. Bentley for the emotional injury resulting from the denial of due process in the filing of plaintiff's complaint.

3. 50,000 dollars jointly and severally against Booker and E. Bentley for the physical and emotional injury resulting in their failure to provide adequate medical care to plaintiff.

4. 50,000 jointly and severally against D. Bentley and Stevens for the emotional injury for denying access to the G.B.I. under the threat of medical care deprivation.

5. 10,000 against E. Bentley for the physical and emotional injury resulting from the denial of equal protection of law.

C. Award punitive damages

   1. 20,000 against each defendants Poss, D. Bentley, Stevens and E. Bentley.

   2. 10,000 each against defendants Docker and E. Bentley

   3. 20,000 against defendant E. Bentley

D. Grant such other relief as it may appear that Plaintiff is entitled.